## Commonwealth v. Sheehan

*Kevin A. Hess, Deputy District Attorney,* for Commonwealth.

*Richard C. Sheehan,* for defendant.

SHUGHART, *P.J.,* October 7, 1976 — This case presents a challenge to the procedures employed to initiate a summary proceeding against defendant for a speeding violation of The Vehicle Code, Act of April 29, 1959, P.L. 58, sec. 1002(b)(7), as amended, 75 P.S. §1002 (b)(7). The facts appear by stipulation of the parties, and unon these facts and the record of the case, we must determine whether the Commonwealth has complied with the applicable Rules of Criminal Procedure.

On March 11, 1975, defendant was apprehended for speeding and at that time a copy of a citation, number G060413, was personally issued to him. The last name of defendant was misspelled as Sheenan. The following day, pursuant to Pa. R. Crim. P. 54 (b), the original of this citation was filed with a district justice. On March 19, 1975, defendant responded to the citation by mail, entering a plea of not guilty and forwarding a check in the amount of $20. At this time or shortly thereafter, the affiant became aware of the error in the citation. Being of the opinion that the defect was fatal to the validity of the citation, the affiant filed a new one, number G060546, before the district justice. This second citation was in all respects identical to the original citation with the exception of the correction of defendant's name. When the second citation was filed with the district justice on March 24, 1975, the magistrate discharged the original one.

Pa. R. Crim. P. 55(2) requires that once a district justice receives a plea of not guilty to a summary offense, he shall send to defendant a notice fixing

a hearing. In this case, the hearing was set for April 21, 1975. As defendant correctly points out, this technically represented a hearing on a *citation* to which defendant had not yet pleaded. It was, nevertheless, a hearing on the *charge* to which defendant had pleaded. This notice clearly indicated that it concerned the second citation, and the notice also explained that the new citation replaced the one given to defendant at the time of his alleged offense. Furthermore, a copy of the second citation was also sent to defendant; however, the bottom portion of the citation, which contains, inter alia, instructions on how to plead to the charge, was not included.

After receipt of this notice, defendant contacted the office of the district justice on April 18, 1975 to request that the hearing be continued; because his court schedule created a conflict. On that same date, the district justice rescheduled the hearing for April 24, 1975, and advised defendant of the change. When defendant failed to appear at this hearing, he was adjudged guilty in his absence: Pa. R. Crim. P. 64.

The misspelling of defendant's last name, without more, represented an informal defect in the citation. An understanding of the substantive content of the citation was not impaired by the error, nor did the defect preclude a determination of defendant's identity: Comment, Pa. R. Crim. P. 150. As an informal defect, the erroneous spelling could have been corrected at any stage in the proceeding (Pa. R. Crim. P. 150(a)), and had the original citation not been discharged, no issue would have been presented.

Upon close examination, it appears that, in substance, the instant procedure constituted nothing more than an amendment. The new citation in no

way represented a new charge or modification of the old one. No prejudice was suffered by defendant. He was advised of the charge against him; he decided to plead not guilty to that charge; and he was prepared to attend a hearing to resolve the issue. The failure of the second citation to contain the instructions as to pleading obviously caused no confusion. He had already pleaded not guilty and been notified of a hearing; but for a conflict in his court schedule, he would have appeared. Had the second citation been issued in strict compliance with the rules, all that defendant could have done would have been to again plead not guilty and thus possibly delay the hearing on the charge that had already been set. This would have been in conflict with Pa. R. Crim. P. 2 which states that the rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. . . ."

## ORDER

And now, October 7, 1976, for the reasons set forth in the opinion filed this date, defendant's objections to the procedure employed are overruled. Defendant is directed to appear for trial at the call of the district attorney.